IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE MONEY SOURCE INC. and LOANCARE, LLC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:18-cv-00151-B |
| PAYMAP, INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT PAYMAP, INC. MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT

Defendant PayMap, Inc. ("Defendant" or "Paymap"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure moves to dismiss Plaintiffs' Complaint. In support of its Motion, Defendant states:

## I. STATEMENT OF PROCEDURAL HISTORY.

On March 30, 2018, the Plaintiffs jointly filed a complaint against the Defendant in this Court. [Doc. 1]. Plaintiffs' joint complaint alleges causes of action for Breach of Contract on behalf of Plaintiff Loancare (Count One); Negligence on behalf of both Plaintiffs (Count Two); Wantonness on behalf of both Plaintiffs (Count Three); Money Had and Received/Accounting on behalf of both Plaintiffs (Count Four) and Failure to Indemnify on behalf of Loancare (Count Five). [Doc. 1].

## II. STATEMENT OF FACTS.

Plaintiffs' Complaint is derivative of a lawsuit filed by the Plaintiff Anastasia Diehl ("Diehl") against The Money Source ("TMS") and Loancare ("LC") in a case-styled, *Anastasia P. Diehl v. The Money Source, Inc., et al.*, Civil Action 17-0125-WS-B (the "*Money Source*

Action")[1] that was commenced on March 20, 2017. In the *Money Source* Action, TMS and LC, the Plaintiffs here, have vigorously defended that lawsuit through the completion of discovery, have denied any liability, and, to this party's knowledge, there are pending motions for summary judgment in their favor.

In the *Money Source* Action, TMS and LC did not commence a third-party lawsuit against Paymap. Due to their failure to file a timely third-party lawsuit in the *Money Source* Action, the Plaintiffs here have filed this lawsuit. On January 16, 2018, Diehl, the Plaintiff in the *Money Source* Action, initiated another civil action in this District Court by filing suit against Paymap, in an action styled *Anastasia P. Diehl v. PayMap, Inc.*, Civil Action 18-0017-WS-B (the "*PayMap* Action")[2]. A motion to consolidate those two cases was denied by Judge Steele on March 18, 2018 in the *Money Source* and *PayMap* Actions. A motion to renew that request is currently pending before the Court in the *Money Source* and *PayMap* Actions.

The within lawsuit alleges that Paymap breached its contract with LC with respect to an Equity Accelerator Program enrolled in by Diehl which was provided to her through a joint venture involving Paymap and LC. The Plaintiffs do not dispute that TMS was **not** a party to that contract. The contract in issue is entitled "Paymap Inc, Equity Accelerator Service Agreement" ("the Agreement") which was first executed in 2011 and to which LC became a party by an Amendment dated in December of 2014. Annexed hereto as Exhibit "A" is a copy of

---

[1] Judge Steele summarized the *Money Source Action* as "[t]his action arises from the mismanagement and wrongful actions taken in connection with Plaintiff's home mortgage loan," which was alleged to be owned by LoanCare and serviced by Money Source." [Doc. 18, Page 1 in the *PayMap* Action].

[2] Furthermore, Judge Steele summarized the Plaintiff's Complaint in the *PayMap* Action as: "…PayMap managed the EAP marketed by LoanCare in which Diehl had enrolled, and that Diehl's mortgage payments were routed to PayMap, which then failed to direct such payments to the proper entity to have them credited to Diehl's loan balance." [Doc. 18, Page 2 in the *PayMap* Action].

the Agreement and its Amendments. The Agreement, at paragraph 13 states that it is governed by the laws of the State of Colorado.

> This Agreement shall be governed by and construed in accordance with the laws of the *State of Colorado*, without regard to the conflicts of laws principles thereof.

(emphasis added). Exhibit "A". This Court is well-aware of the factual allegations made by Diehl against the Plaintiffs and this Defendant and, therefore, in the interests of judicial economy Defendant will not restate those allegations here.

Based upon a strict reading of the Plaintiffs' Complaint it is apparent that their complaint asserts both tort and negligence claims against Defendant Paymap along with a claim for indemnification all of which should be dismissed as more specifically set forth below.

## III. LEGAL STANDARD.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, although the Court assumes all allegations in the Complaint to be true when deciding a Rule 12(b)(6) motion, a plaintiff is required to plead "sufficient factual matter," rather than mere "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. A party must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court set forth a two-pronged approach for federal courts to use when ruling on motions to dismiss. First, a court should distinguish between "legal conclusions" and actual "facts" pled in a complaint. Mere "conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The Court explained: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual assumptions." *Id.* Second, even

when well-pleaded factual allegations are present in the complaint, "a court should…then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[A] plaintiff's obligation to provide "grounds" of entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007).

IV. **PLAINTIFF LOANCARE, LLC'S COUNTS ONE AND FIVE MUST BE DISMISSED BECAUSE LC HAS NOT SUSTAINED ANY DAMAGES AND, AS SUCH, THESE CAUSES OF ACTION ARE NOT RIPE.**

It is known to the parties and the Court that the damages claims asserted in the First and Fifth Count of the Plaintiff LC's complaint (see, paragraphs 32 and 53 of the complaint), are not ripe for adjudication. In the *Money Source* Action, LC has **not** sustained any damages up to this point and, in fact, has steadfastly disputed the Plaintiff Anastasia Diehl's contention that LC owes her damages. As such, its claims of damages due to an alleged breach of the Agreement with Paymap are without merit and warrant dismissal of the causes of action. In *Continental Cas. Co. v. HomeCorp Management,* 2012 WL 1067974, *4 (M.D. Ala. Mar. 29, 2012), the Court held that "courts have declined to exercise their discretion under the Declaratory Judgment Act to decide questions about the duty to indemnify when the underlying action is pending."

Furthermore, to recover on a breach of contract action in Colorado, Plaintiffs have to prove (1) the existence of a contract; (2) that Plaintiff performed its duties under the contract; (3) that Defendant failed to perform the contract; and (4) <u>resulting damages</u>. See, *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). (emphasis added). In Colorado, "[a]n issue is ripe for hearing when it "is real, immediate, and fit for adjudication." *Olivas–Soto v. Indus.Claim Appeals Office,* 143 P.3d 1178, 1180 (Colo. App. 2006). Conversely, an issue is not ripe and

"adjudication should be withheld for uncertain or contingent future matters that suppose a speculative injury which may never occur." *Id.*

Here, unless the Plaintiff LC is deemed liable to Diehl in the *Money Source* Action there will be no ripe claim for indemnification against Paymap. To force the Defendant to litigate these claims on speculation of damages to the Plaintiff LC is without a doubt a waste of resources both judicial and that of the parties. Consequently, the causes of action Counts One and Five of the pending complaint must be dismissed.

## V. PLAINTIFFS' COUNT TWO FOR NEGLIGENCE MUST BE DISMISSED BECAUSE THE COLORADO STATUTE OF LIMITATIONS IS 2 YEARS AND THE PLAINTIFFS' COMPLAINT FAILS TO ALLEGE A DUTY OF CARE SEPARATE AND APART FROM THE CONTRACT.

The applicable statute of limitations has run for any negligence under Colorado law against the Defendant. *C.R.S. 13-80-102(a)* states that the applicable statute of limitations on negligence claims under Colorado law is 2 years from injury. The Plaintiffs' Complaint as to Count Two herein accrued in August of 2015 which is more than 2 years from when the subject complaint was filed on March 30, 2018.

Furthermore, to sustain a negligence claim, under Colorado law, a plaintiff must demonstrate a duty of care independent of any contractual duties. *See Town of Alma v. AZCO Constr., Inc.,* 10 P.3d 1256, 1264 (Colo. 2000). Plaintiffs' allegations at paragraph 34 of the Complaint essentially state that Paymap negligently handled its duties pursuant to the Agreement starting in August of 2015. Additionally, Colorado's economic loss rule (as noted below) also bars negligence claims by third-party beneficiaries of such contracts. *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1270 (Colo. 2000). Here, the Plaintiffs' Complaint states:

> 1. … TMS, the servicer of her loan, and LoanCare, the sub-servicer of her loan on behalf of TMS, alleging that they caused her loan to become delinquent by failing to properly apply Ms. Diehl's monthly mortgage payments.
>
> * * *
>
> 4. TMS has no contractual relationship or affiliation with Paymap; however, TMS has been damaged by the by Paymap's negligent and wanton failure to properly route Ms. Diehl's monthly payment, and in particular, the January 2016 and April 2016 payments at issue in the Diehl Action.

Even if Counts One and Five are ripe for adjudication, TMS is arguably a third party beneficiary to the contract between Paymap and LC. The aforesaid allegations negate the negligence claim which is subsumed in the breach of contract claim argued by the Plaintiffs as well in this Complaint. As such, Count Two of the Plaintiffs' Complaint is due to be dismissed.

## VI. PLAINTIFFS' COUNT THREE FOR THE TORT OF "WANTONESS" ON BEHALF OF PLAINTIFF LC IS BEYOND THE 2 YEAR STATUTE OF LIMITATIONS APPLICABLE UNDER COLORADO LAW.

According to Colorado law, a Plaintiff must commence its tort action within two years from the date the cause of action accrues. *C.R.S.* § 13-80-102(1)(a). The complaint herein alleges that the tort claims accrued in August of 2015. Consequently, since this Complaint was not filed until March 30, 2018 the cause of action must be dismissed.

Notwithstanding the foregoing, Colorado law further holds that, in order to prevail on a claim for fraudulent or malicious conduct or for intentional tort, one must establish, inter alia, that the plaintiff has suffered injury caused by the defendant's conduct. *See Trimble v. City & County of Denver,* 697 P.2d 716 (Colo. 1985) (intentional tort); *Western Cities Broadcasting v. Schueller*, 830 P.2d 1074 (Colo. App. 1991), *aff'd* 849 P.2d 44 (Colo. 1993) (fraud); *Sancetta v. Apollo Stereo Music Co.*, 44 Colo. App. 292, 616 P. 2d 182 (1980) (malicious conduct).

It is well known to these parties and the Court that neither LC nor TMS has sustained any damages at this time and each strongly contests the claims made by Diehl in the *Money Source*

Action. Consequently, the Plaintiffs have failed to set forth a prima facie case for disposition before this Court unless and until they are deemed responsible for damages to Diehl (caused by Paymap). As such, this Count must be dismissed upon that basis.

### A. Colorado's Economic Loss Rule Bars this Tort Cause of Action as Well.

Counts One and Five of the Plaintiff's Complaint clearly state, the Plaintiff LC is suing Paymap based upon an alleged breach of contract for its "payment processing service" (see paragraph 30 of Plaintiffs' complaint). The Plaintiffs allege at paragraph 31 of their Complaint that:

> *Paymap breached its contract with LoanCare in failing to correctly route August 2015, September 2015, October 2015, December 2015, December 2015, January 2016 and April 2016 payments in accordance with the LoanCare's instructions to Paymap <u>in accordance with the contract between Loancare and Paymap</u>.*

(emphasis added). [Doc. 1]. Paragraph 52 of Plaintiffs' Complaint further alleges:

> *Section 6(b) of the contract obligates Paymap to indemnify LoanCare from claims of third parties that result solely from Paymap's breach of contract; "Paymap agrees to indemnify and hold harmless Client [LoanCare]...from Paymap's breach of this Agreement.*

(emphasis added). [Doc. 1]. Colorado's economic loss rule prevents the very recovery that Plaintiffs seek in Count Three.

In *S.K. Peightal Eng'rs. v. Mid Valley Real Estate Solutions*, 342 P.3d 868, 872 (Colo. 2016), the Court held:

> [t]he economic loss rule was adopted "to maintain the boundary between contract and tort law" *Town of Alma v AZCO Constr. Inc*. 10 P3d. 1256, 1259 (Colo. 2000), and focuses on the source of the duty that the defendant allegedly breached, *Id*. at 1262. "A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and *a tort action will not lie*."

It is without dispute, therefore, that the only reason that LC and Paymap were in business together was due to the contractual agreement between them, namely, the Equity Accelerator Program. Exhibit "A". All of LC's claims arise directly out of that relationship and, consequently, this tort cause of action is justly barred by the Colorado's economic loss rule.

### B. Paymap Owes no Duty to Plaintiff TMS.

It has been held in Alabama that "[a] plaintiff can only sue in tort when a defendant breaches the duty of reasonable care--the duty one owes to another in his day-to-day affairs--when such a breach causes personal injury or property damage." *Vines v. Crescent Transit Co.,* 85 So. 2d 436, 440 (1956). The duty to perform upon Paymap was exclusively established by the Agreement with LC. Exhibit "A". As in the case of *Blake v. Bank of America*, 845 F.Supp 2d 1206, 1210 (MD. Ala 2012), where "[t]he repayment and servicing obligations at issue here stem from the mortgage and promissory note executed by the parties, not from the duty of reasonable care generally owed to members of the public.", the subject cause of action must be dismissed as to both LC and TMS.

Furthermore, under Colorado law "[w]illful and wanton conduct is purposeful conduct committed recklessly that exhibits an intent consciously to disregard the safety of others. Such conduct extends beyond mere unreasonableness." *Forman v. Brown,* 944 P. 2d 559, 564 (Colo. App. 1996) (citing *Terror Mining Co., Inc. v. Roter,* 866 P.2d 929, 933 (Colo.1994). Plaintiffs here have not alleged such conduct in this complaint further warranting dismissal.

### C. Plaintiffs Count Three Must Be Dismissed because Plaintiffs Failed to Allege Intentional Conduct on the Part of Defendant Paymap Pursuant to Colorado Law.

Upon review of the allegations of Count Three the Plaintiffs use the word "wanton" but fail to allege the proper elements of a valid cause of action asserting the same. Certainly, the

Complaint fails to set forth any specific circumstances in which the Defendant Paymap acted intentionally and purposefully with conscious disregard for the safety of others, in order to cause harm to the Plaintiffs. Based upon the foregoing, Count Three of the Complaint should be dismissed.

**VII. PLAINTIFFS' COUNT FOUR FOR MONEY HAD AND RECEIVED MUST BE DISMISSED AS THE CAUSE OF ACTION, IF APPLICABLE AT ALL, IS THAT OF ANASTASIA DIEHL TO WHOM THE MONEY WOULD BELONG.**

Again, TMS is not in privity with Paymap. Exhibit "A". Anastasia Diehl, a non-party to this lawsuit, is the party to whom the subject money would belong, not these Plaintiffs. A Plaintiff can maintain an action for money had and received whenever the Defendant "has received money which, in equity and good conscience, he ought to pay over." *Spencer v. Brundage,* 69 Colo. 520, 523, 194 P. 1104, 1105 (1921) (*quoting Zang Brewing Co. v. Bernheim,* 7 Colo.App. 528, 529, 44 P. 380, 381 (1896)). For example, a person who receives money but has no right to retain it, may be required in equity to give up the money to another *who has a right to it*. *See Mumford v. Wright, 12 Colo.App. 214*, 55 P. 744 (1898), *overruled on other grounds by Publix Cab Co. v. Colo. Nat'l Bank,* 139 Colo. 205, 338 P.2d 702 (1959). In this case it is Anastasia Diehl to whom the subject money would belong, not these Plaintiffs.

In *Monday v. Robert J. Anderson, PC*, 77 P.3d 855 (Colo. App. 2003) the Court held: "[h]ere, client was obligated to present a prima facie case that included some basis upon which a jury could conclude that <u>she had a right to the money</u> attorney had withheld". (emphasis added).

Based upon the admitted fact that neither TMS nor LC have sustained any actual damages at this time and that the alleged funds would arguably be the property of Diehl, the Plaintiffs lack standing to bring an action for money had and received and/or an accounting.

Furthermore, standing is a threshold issue that must be satisfied before a case may be decided on the merits. To establish standing, a plaintiff must show that he or she has suffered an injury-in-fact to a legally protected interest. *Ainscough v. Owens,* 90 P.3d 851, 855 (Colo. 2004); *see Wimberly v. Ettenberg*, 194 Colo. 163, 168, 570 P.2d 535, 539 (1977). No such "injury-in-fact" has been alleged by the Plaintiffs' Complaint. Rather, the Plaintiffs' damage claims are purely speculative. To make the Defendant and the Court engage in a litigation matter which might be rendered moot is clearly a waste of resources, both judicial and personal to the Defendant, warranting dismissal.

**VIII.    CONCLUSION.**

Based upon the above, Defendant Paymap, Inc. requests that the Court grant the within motion dismissing the Plaintiffs' Complaint as it fails to set forth causes of action upon which relief may be granted in Alabama under Colorado law.

                                                 Respectfully submitted,

                                                 <u>  /s/ E.B. Harrison Willis</u>

                                                 E.B. Harrison Willis
                                                 hwillis@cloudwillis.com

                                                 Attorneys for Defendant Paymap, Inc.

<u>**OF COUNSEL:**</u>
Cloud, Willis & Ellis, LLC
61 St. Joseph Street, Suite 1301
Mobile, AL 36602
(251) 545-4844
hwillis@cloudwillis.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have served a copy of the foregoing document via CM/ECF, email, fax or U.S. First Class Mail, on this the 13th day of June, 2018, upon counsel of record herein, as follows:

Cheryl Howell Oswalt
Sirote & Permutt, PC
2311 Highland Avenue South
Birmingham, AL 35205

Kerry P. McInerney
McCalla Raymer Leibert Pierce, LLC
Two N. 20th Street
Suite 1000
Birmingham, AL 35203

            /s/ E.B. Harrison Willis
            OF COUNSEL