# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **THE MONEY SOURCE INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 18-0151-WS-B** |
| | ) |
| **PAYMAP, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion for Leave to File Amended Complaint (doc. 23), with accompanying proposed amended pleading pursuant to Civil L.R. 15(b). On August 1, 2018, the undersigned entered an Order (doc. 25) providing that any party opposing the Motion must file a response on or before August 8, 2018. The Order cautioned that in the absence of a timely response, the Motion would be deemed unopposed and would be promptly granted pursuant to the liberal amendment policy of Rule 15(a)(2), Fed.R.Civ.P. Defendant has not responded to the Motion and the deadline for doing so has now expired. In light of defendant's silence, the absence of any reason to believe that the amendment is being made for an improper purpose, and the mandate of Rule 15(a), Fed.R.Civ.P., that leave to amend shall be freely given when justice so requires, the Court **grants** the Motion for Leave to File Amended Complaint. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, plaintiff is **ordered**, on or before **August 13, 2018**, to file as a freestanding pleading its First Amended Complaint, in substantially the same form as the proposed amended pleading appended to the Motion as Exhibit A.

In light of this development, the First Amended Complaint is now the operative pleading in this matter, and the original Complaint has been superseded and is no longer of any force or

effect.[1]  The obvious question, of course, is what this means for defendant's pending Motion to Dismiss, as to which briefing concluded on July 24, 2018.  In the wake of the amendment to the pleadings, it is not entirely clear whether defendant wishes to continue to assert all arguments found in its original Motion, whether it might wish to revise or supplement those arguments, and so on.  Rather than speculating as to movant's intentions or attempting to synchronize the pending Motion to Dismiss with a complaint that may have changed in material respects in the interim, a far more efficient approach is to deem defendant's Motion moot and set new deadlines for responsive pleadings or Rule 12(b) motions relating to the First Amended Complaint.  Accordingly, defendant's Motion to Dismiss (doc. 12) is **moot** because it relates to a pleading that is now devoid of any legal force or effect.  Defendant's answer or Rule 12(b) motion in response to the First Amended Complaint is due on or before **August 23, 2018**.  Should defendant wish to renew its Motion to Dismiss, it must reproduce in full any arguments that it intends to reassert from the prior Rule 12(b) Motion, so that the briefing on the renewed motion is self-contained, without merely adopting by reference the contents of previous briefs relating to a now-moot motion.

        DONE and ORDERED this 9th day of August, 2018.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE

---

[1]        *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal marks omitted); *Thomas v. Home Depot USA, Inc.*, 661 Fed.Appx. 575, 577 (11th Cir. Sept. 8, 2016) ("Generally speaking, an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count.").